UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| KATHRYN PIERSON,<br>on behalf of herself and<br>similarly situated employees,<br><br>*Plaintiff*,<br><br>v.<br><br>RESORT LIFESTYLE COMMUNITIES,<br><br>*Defendant*. | Civil Action No. 23-1512<br><br>INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded<br><br>Electronically Filed |

**INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT**
**Nature of the Action, Jurisdiction, and Venue**

1. This is an individual and collective action under the Fair Labor Standards Act of 1938 (FLSA)(28 U.S.C. § 207(a) and 28 U.S.C. § 216(b)) to recover damages for non-payment of overtime wages.

2. Jurisdiction of this court is invoked under 28 U.S.C. § 1331.

3. The actions and policies alleged to be unlawful were committed in whole or in part around Pittsburgh, PA, where Defendant owns and operates facilities and where similarly situated co-workers to Plaintiff work. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

**Parties**

4. Plaintiff Kathryn Pierson worked for Defendant Resort Lifestyle Communities (RLC) as a Senior Living Consultant (SLC) from on or about December 18, 2022, until on or about May 9, 2023.

5. Plaintiff was a W-2 employee.

6. Defendant RLC is a company operating facilities throughout the United States specializing in providing all-inclusive, independent, resort-style 55-and-over senior living retirement communities.

7. Defendant owns and operates more than fifty (50) facilities throughout the United States, including Pennsylvania, Ohio, Nebraska and Georgia.

8. Defendant employs over one thousand (1,000) full-time employees.

9. Defendant maintains its headquarters in Lincoln, Nebraska.

10. Defendant owns and operates at least two facilities in Pennsylvania, including one at 1001 Hastings Park Drive, Bridgeville, PA 15017 and one at 3603 McRoberts Road, Pittsburgh, PA 15234.

11. Defendant employs Senior Living Consultants (SLCs) similar to Plaintiff at each of its facilities in Pennsylvania and the other states.

12. The SLCs employed by Defendant have been and continue to be W-2 employees.

13. Plaintiff was assigned as an SLC to the facility in Roswell, Georgia.

14. At all relevant times Defendant has been an enterprise engaged in interstate commerce with annual revenues in excess of $500,000 and has employees engaged in interstate commerce and the production of goods in interstate commerce and has been subject to the provisions of Section 203(s)(1) of the FLSA.

## Statement of Claims

15. Plaintiff was paid a salary plus a non-discretionary monthly bonus based on occupancy at the facility plus a commission based on the number of move-ins (new residents) each month.

16. Plaintiff was told she was exempt from overtime pay.

17. Plaintiff did not perform exempt duties as that term is defined in the FLSA.

18. Plaintiff did not perform administrative duties as that term is defined in the FLSA.

19. Plaintiff did not perform professional duties as that term is defined in the FLSA.

20. Plaintiff did not perform executive duties as that term is defined in the FLSA.

21. Plaintiff's primary duty, performed within the facility, was to promote the facility to prospective residents and persuade them to become residents.

22. Plaintiff worked in excess of 40 hours in one or more workweeks during her employment.

23. On average Plaintiff worked 45 to 50 or more hours per workweek.

24. Plaintiff was non-exempt under the FLSA.

25. Plaintiff was not paid any overtime pay.

26. Defendant did not maintain accurate records of the time worked by Plaintiff.

27. Plaintiff was entitled to overtime pay (1 ½ the regular rate of pay) when working more than 40 hours in a workweek.

28. Plaintiff was required to comply with common company policies and practices established and enforced throughout the facilities nationwide by a common chain-of-command.

29. Defendant's failure to pay Plaintiff overtime pay when working more than 40 hours in a workweek was and is a violation of the FLSA.

30. Defendant has known since it employed Plaintiff that its failure to pay overtime to SLCs, like Plaintiff, when they work more than 40 hours in a workweek is a violation of the

FLSA.

31. Notwithstanding this knowledge Defendant failed to pay Plaintiff, as well as other SLCs, overtime pay.

32. Defendant has known since at least three years prior to the filing of this lawsuit that its failure to pay overtime to SLCs, like Plaintiff, is a violation of the FLSA.

33. Notwithstanding this knowledge Defendant has failed to take any action to comply with the law or remedy the violations of the law.

## Collective Action Averments

34. In the past three years Defendant has employed in excess of 50 SLCs throughout the United States, including Pennsylvania.

35. These other SLCs perform the same primary job duties as Plaintiff: promote the facility to prospective residents and persuade them to become residents.

36. These other SLCs have been paid according to the same basic terms as Plaintiff: a salary plus a monthly non-discretionary bonus and commission.

37. These 50 + SLCs, like Plaintiff, have been non-exempt within the meaning of the FLSA.

38. These 50 + SLCs, like Plaintiff, have worked more than 40 hours in one or more workweeks since three years before the filing of this lawsuit.

39. These other SLCs, like Plaintiff, have not performed exempt duties within the meaning of the FLSA.

40. These other SLCs, like Plaintiff, have been and continue to be non-exempt within the meaning of the FLSA.

41. Notwithstanding this fact, Defendant has failed to pay the other SLCs, like Plaintiff,

overtime pay in workweeks when the SLCs work more than 40 hours.

42. Defendant has also failed to maintain accurate records of time worked for these other SLCs.

43. The other SLCs, like Plaintiff, have been subject to the same pay policies: salary plus non-discretionary bonus plus commissions.

44. The other SLCs, like Plaintiff, have been subject to the same policy of not being paid overtime.

45. The other SLCs, like Plaintiff, have been subject to the same policy of not having their work hours accurately recorded by Defendant.

46. The other SLCs, like Plaintiff, have reported through a common chain of command to senior management in Defendant's headquarters in Nebraska.

47. Defendant has knowingly and intentionally failed to pay the 50+ SLCs for their overtime hours.

48. Defendant's failure to pay overtime due to the 50 + SLCs employed by Defendant over the past three years, and its failure to maintain accurate records of time worked, has been in violation of the FLSA.

49. Defendant has knowingly and intentionally violated the FLSA with respect to the failure to pay overtime and failure to maintain accurate time records.

## COUNT I:  VIOLATION OF THE FLSA
### Individual and Collective Action

50. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

51. Plaintiff and all other similarly situated SLCs are employees of Defendant within the meaning of the FLSA.

52. Defendant is an employer within the meaning of the FLSA.

53. Plaintiff and all other similarly situated SLCs have been and continue to be non-exempt within the meaning of the FLSA.

54. Plaintiff and all other similarly situated SLCs have worked more than forty hours in one or more workweeks (overtime work) since three years before the filing of this lawsuit.

55. Defendant has, as a matter of common policy and practice, failed to pay overtime compensation to Plaintiff and all other similarly situated SLCs.

56. Defendant has, as a matter of common policy and practice, failed to pay overtime compensation to Plaintiff and all other similarly situated SLCs at the proper time-and-one-half overtime rate.

57. Defendant has, as a matter of common policy and practice, failed to maintain accurate records of time worked for Plaintiff and all other similarly situated SLCs.

58. Defendant's failure to pay overtime at the proper rate to Plaintiff and the similarly situated SLCs has violated and continues to violate the FLSA.

59. Defendant's failure to maintain accurate records of time worked by Plaintiff and the similarly situated SLCs has violated and continues to violate the FLSA.

60. For at least the past three years, Defendant's violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime and record-keeping requirements.

61. Plaintiff and all other similarly situated SLCs are entitled to recover from Defendant the

overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

62. Plaintiff and all other similarly situated SLCs are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

## PRAYER FOR RELIEF

63. WHEREFORE, Plaintiff and all others similarly situated SLCs respectfully request that this Court:

    A. Order Defendant to pay the unpaid overtime compensation owed to Plaintiff and all other similarly situated SLCs;

    B. Order Defendant to pay liquidated damages to Plaintiff and all other similarly situated SLCs;

    C. Order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiff and all other similarly situated SLCs; and,

    D. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

  s/Joseph H. Chivers
Joseph H. Chivers, Esq.
PA ID No. 39184
First & Market Building
Suite 650
100 First Avenue
Pittsburgh, PA  15222-1514
jchivers@employmentrightsgroup.com
Tel: (412) 227-0763/Fax: (412) 774-1994

John R. Linkosky, Esq.
PA ID No. 66011
JOHN LINKOSKY & ASSOCIATES
715 Washington Avenue
Carnegie, PA  15106

                                          linklaw@comcast.net
                                          Tel.: (412) 278-1280/Fax:  (412) 278-1282

                                          *Counsel for Plaintiff*
                                          *and all others similarly situated*

Dated: <u>August 21, 2023</u>